UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CASS COMMERCIAL BANK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14 CV 307 RWS |
| CAPITAL TECHNOLOGY & LEASING, LLC, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Cass Commercial Bank ("Cass") brings this action against defendants Capital Technology & Leasing, LLC ("CT&L") and Kingsbridge Holdings, LLC ("Kingsbridge"), asserting claims for breach of contract and negligent misrepresentation. CT&L was in the business of coordinating financing for and leasing IT equipment to commercial customers. Kingsbridge acquired 100% of the interests in CT&L in December 2010.[1] At issue in this case are nine equipment leases CT&L entered into in 2011 and 2012. Cass financed each of the nine equipment purchases for CT&L. Cass alleges that it provided the financing to CT&L based in part on CT&L's representations that the lessees were qualified and genuine entities, when in fact they were not.

As part of the collateral for the repayment of Cass' funding, CT&L assigned the equipment leases to Cass. The assignments contained warranties that, among other things, represented that the lessee was a qualified and legitimate company. In 2012, Cass became suspicious of the legitimacy of the lessee companies, and in October or November 2012, all of the lessees defaulted on their payments. Upon investigation, Cass learned that the lessees were

---

[1] Kingsbridge indirectly acquired CT&L through CT&L Delaware, LLC, which is owned solely by Kingsbridge.

not legitimate companies, but rather, were defunct companies that had been fraudulently reinstated in an alleged scheme to obtain the IT equipment.

Cass brings suit against CT&L and Kingsbridge for the losses it incurred financing the fraudulent leases. Cass alleges that, in addition to CT&L being directly liable for making false warranties, "as a result of Kingsbridge's control over CT&L, Kingsbridge is liable for CT&L's" actions.

Kingsbridge now moves for judgment on the pleadings, or in the alternative, for summary judgment, arguing that Cass cannot pierce the corporate veil to hold Kingsbridge liable for CT&L's alleged actions. Cass opposes the motion and the issues are fully briefed. For the reasons set forth below, I will deny Kingsbridge's motion because I find that genuine issues of material fact exist.

## **Legal Standards**

A. <u>Judgment on the Pleadings Standard</u>

In ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000) (citing Fed. R. Civ. P. 12(c)). This is a strict standard, as "[j]udgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to a judgment as a matter of law." Id. "The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.). As summarized in Federal Practice and Procedure:

> [A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice.

Id.

B. Summary Judgment Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

**Discussion**

Kingsbridge argues that Cass cannot hold Kingsbridge liable for CT&L's alleged actions because Cass did not plead, nor can it prove, that Kingsbridge committed any wrongs against Cass or that it would be appropriate to pierce the corporate veil to hold Kingsbridge liable for CT&L's alleged wrongs.

Missouri law presumes that corporations, including limited liability corporations, are separate entities, and courts do not lightly disregard the corporate form to hold one corporation liable for the behavior of another. Mid-Missouri Tel. Co. v. Alma Tel., 18 S.W.3d 578, 582 (Mo. Ct. App. 2000); Hibbs v. Berger, 430 S.W.3d 296, 306 (Mo. Ct. App. 2014). Missouri courts will "pierce the corporate veil" and hold a defendant liable for the torts of another corporation under the "instrumentality" or "alter ego" rule if the plaintiff can establish:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
> (2) such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Radaszewski v. Telecom Corp., 981 F.2d 305, 306 (8th Cir. 1992) (citing Collet v. American Nat. Stores, Inc., 708 S.W.2d 273, 284 (Mo. Ct. App. 1986).

In determining whether one corporation exercised control over another to the extent necessary to pierce the corporate veil, Missouri courts look to a number of factors, including the ownership and creation of both corporations, the management of the corporations, the physical location of corporate offices, and the transfer of assets, contracts, and employees between the corporations. Collet v. American Nat. Stores, Inc., 708 S.W.2d 273, 284 (Mo. Ct. App. 1986); see also Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing & Mech. Inc., No. 4:05CV2266 CDP, 2007 WL 1306465, at *2 (E.D. Mo. May 2, 2007). The inquiry is a fact-intensive one that "should normally not be disposed of by summary judgment." Twin City Carpenters Pension Master Trust Fund v. Phantom Const. Servs., LLC, No. CIV. 13-857 RHK/TNL, 2014 WL 2213179, at *6 (D. Minn. May 28, 2014).

I have thoroughly reviewed the parties' materials and I conclude that genuine issues of material fact remain as to whether Kingsbridge exercised complete dominion and control over CT&L. The parties dispute the extent of Kingsbridge's control over the management of CT&L, the importance of the overlapping officers' roles, the extent to which CT&L employees performed work for Kingsbridge, the extent to which Kingsbridge financed CT&L and whether CT&L maintained separate financials, whether Kingsbridge held CT&L out as a department or division of Kingsbridge, if Kingsbridge used CT&L property (payments on the leases) as its own, and the extent to which directors or executives of CT&L took orders from Kingsbridge. Compare [#62], Exs. A-C, F, J-K & M-O with [#39] & Exs. 1-4.

Genuine issues of material fact also remain as to the second and third elements of the inquiry – whether Kingsbridge used its alleged control over CT&L to commit a fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or to perform a dishonest and unjust act in contravention of plaintiff's legal rights, and whether Kingsbridge's wrong proximately caused Cass' loss. Radaszewski v. Telecom Corp., 981 F.2d 305, 306 (8th Cir. 1992). A plaintiff need not demonstrate that there was actual fraud to show that a defendant used its control to commit a wrong. Id. Rather, the veil may be pierced when a wrong was committed "to perform a dishonest and unjust act in contravention of plaintiff's legal rights." Id. Cass alleged and presented evidence that Kingsbridge exercised control over the preparation and servicing of at least some of the CT&L leases at issue in the complaint. Additionally, Cass produced evidence suggesting that Kingsbridge was responsible for reviewing the lease proposals and preparing the actual lease documents. See [#62], Ex. A at 12-13; Ex. B. Cass also produced evidence that Kingsbridge filed the UCC documents and assignments that served to protect Cass' collateral interest in the leased equipment. See [#62] Ex. A. at 14; Ex. C.

Moreover, Cass has provided a copy of an assignment prepared under Kingsbridge's alleged control, which contained the allegedly false representations and warranties that are at issue in this case. See [#62], Ex D. Cass argues that through these activities, Kingsbridge used its control over CT&L to induce Cass to finance the fraudulent equipment purchases. Additionally, Cass provides a declaration from Cass' Vice President of Commercial Lending, which states that Cass would not have funded the transactions but for the representations and warranties in the lease documents. Id. at 36.

For these reasons, Cass has created genuine issues of material fact concerning all three elements of the piercing the veil analysis. As a result, summary judgment is inappropriate and I will deny Kingsbridge's motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kingsbridge Holdings, LLC's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment #[37] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2015.